IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-03363-CMA-KMT

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

JESSE W. ERWIN, JR.,
SETH A. LEYTON, and
LEWIS P. MALOUF,

    Defendants, and

DANIEL SCOTT CODDINGTON, and
CODDINGTON FAMILY TRUST,

    Relief Defendants.

**OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT CODDINGTON FAMILY TRUST**

This matter comes before the Court pursuant to Plaintiff Securities and Exchange Commission's ("SEC") Motion for Default Judgment Against Coddington Family Trust ("Motion for Default Judgment") (Doc. # 248), to which no response has been filed. For the reasons that follow, the Court grants the Motion and enters default judgment in Plaintiff's favor.

**I.    BACKGROUND**

The record reflects that the SEC served Relief Defendant Coddington Family Trust ("Coddington Trust") with the Summons and Complaint on January 14, 2014, by

1

personally delivering the pleadings to the wife of Daniel Dirk Coddington ("Coddington"), the trustee of Coddington Trust. (Doc. # 13.) Such service satisfied Fed. R. Civ. P. 4(h)(1).

Coddington Trust, acting through its first attorney, filed an Answer on March 18, 2014. (Doc. # 52.) The first attorney withdrew and was replaced by a second attorney, who later withdrew from representing Coddington Trust on October 18, 2017. (Doc. ## 99, 136, 186.) No attorney subsequently entered an appearance to represent Coddington Trust in this matter.

On July 28, 2020, the SEC filed a Motion to Strike Answer of Coddington Family Trust under Fed. R. Civ. P. 55(a). (Doc. # 234.) On August 21, 2020, Magistrate Judge Tafoya recommended that the SEC's Motion be granted. (Doc. # 239.) Coddington Trust did not object to the Recommendation. On September 15, 2020, the Court adopted the Recommendation and directed the Clerk of Court to enter default against Coddington Trust pursuant to Fed. R. Civ. P. 55(a). (Doc. # 245.) The Clerk of Court entered default against Coddington Trust on the same day. (Doc. # 246.) The SEC filed the instant Motion for Default Judgment on September 17, 2020. (Doc. # 248.) Coddington Trust has not responded to the SEC's Motion for Default Judgment.

## II.     STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, courts must enter a default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2). Default judgment may be entered by the clerk of court if the claim is for "a sum certain." Fed. R. Civ. P. 55(b)(1). In all other cases, "the

party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

> [D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.

*In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

A default amounts to an admission of liability, and all well-pleaded allegations in the complaint pertaining to liability are deemed true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (internal citation omitted); *Lyons P'ship, L.P. v. D&L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 109 (E.D.N.Y. 2010). "The Court also accepts as undisputed any facts set forth by the moving party in affidavits and exhibits." *Bricklayers & Trowel Trades Int'l Pension Fund v. Denver Marble Co.*, No. 16-CV-02065-RM, 2019 WL 399228, at *2 (D. Colo. Jan. 31, 2019) (citing *Purzel Video GmbH v. Biby*, 13 F. Supp. 3d 1127, 1135 (D. Colo. 2014)). It "remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Leider v. Ralfe*, No. 01 Civ. 3137 (HB) (FM), 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004) (quoting *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)).

In the context of a default judgment, a plaintiff "must . . . establish that on the law it is entitled to the relief it requests, given the facts as established by the default." *PHL Variable Ins. Co. v. Bimbo*, No. 17-CV-1290 (FB) (ST), 2018 WL 4691222, at *2

(E.D.N.Y. Aug. 30, 2018), *report and recommendation adopted*, No. 17-CV-1290 (FB) (ST), 2018 WL 4689580 (E.D.N.Y. Sept. 28, 2018) (quoting *Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Generation II Plumbing & Heating, Inc.*, No. 07CV5150 (SJ) (SMG), 2009 WL 3188303, at *2 (E.D.N.Y. Oct. 1, 2009)).

### III.   ANALYSIS

Following a clerk's entry of default, courts follow two steps before granting default judgment. First, a court must ensure it has subject matter and personal jurisdiction. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (holding that default judgment against defendant over whom court has no personal jurisdiction is void). Defects in personal jurisdiction are not waived by default when a party fails to appear or to respond, and the plaintiff bears the burden of proving personal jurisdiction before a default judgment may be entered. *Williams*, 802 F.2d at 1202–03. "Where, as here, the issue is determined on the basis of the pleadings and affidavits, that burden may be met by a prima facie showing." *Sharpshooter Spectrum Venture, LLC v. Consentino,* No. 09-cv-0150-WDM-KLM, 2011 WL 3159094, at *2 (D. Colo. July 26, 2011) (citing *Shrader v. Biddinger,* 633 F.3d 1235, 1239 (10th Cir. 2011)).

Second, courts must consider whether the well-pleaded allegations of fact— which are admitted by a defendant upon default—support a judgment on the claims against the defaulting defendant. *See Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016) (plaintiff in a default action did not need to prove complaint's factual allegations; however, judgment must be supported by a sufficient basis in the pleadings).

### A. JURISDICTION

According to the Complaint, Coddington Trust was formed in Colorado with its principal place of business in Colorado Springs, Colorado. (Doc. # 1 at ¶ 26.) Thus, Coddington Trust is a citizen of Colorado and the Court has personal jurisdiction over it. The Court has subject-matter jurisdiction over the claim for disgorgement against relief defendant Coddington Trust pursuant to Section 22(a) of the Securities Act of 1933, and Section 27 of the Securities Exchange Act of 1934 [15 U.S.C. §§ 77v(a) and 78aa], and 28 U.S.C. § 1331. A relief defendant, such as Coddington Trust, "is a person with 'no interest in the property which is the subject of the litigation,' accordingly 'once jurisdiction over the defendant who is the source of the property is established, the court has jurisdiction over the relief defendant as well." *SEC v. George*, 426 F.3d 786, 800 (6th Cir. 2005), quoting *SEC v. Cherif*, 933 F.2d 403, 414 (4th Cir. 1991); *see also SEC v. Shields*, 744 F.3d 633, 637 n.2, 639 (10th Cir. 2014) (citing *Cherif*, 933 F.2d at 414). The Complaint alleges facts showing that the Court has jurisdiction over defendants Coddington, Golden Summit, and Erwin. *See, e.g.,* (Doc. # 1 at ¶¶ 11,12, 20).

### B. FAILURE TO DEFEND

#### 1. Defendant's Default

It is manifest from the record that Defendant has defaulted. The SEC served Coddington Trust with the Summons and Complaint on January 14, 2014, in compliance with Fed. R. Civ. P. 4(h)(1). Coddington Trust, acting through its first attorney, filed an Answer on March 18, 2014. (Doc. # 52.) Coddington Trust has been unrepresented by counsel since October 18, 2017. *See* (Doc. ## 99, 136, 186). On July 28, 2020, the

SEC filed a Motion to Strike Answer of Coddington Family Trust under Fed. R. Civ. P. 55(a). (Doc. # 234.) On September 15, 2020, the Court granted the Motion, struck the Answer of Coddington Trust, and directed the Clerk of Court to enter default against Coddington Trust pursuant to Fed. R. Civ. P. 55(a). (Doc. # 245.) The Clerk of Court, therefore, properly entered default against Coddington Trust on September 15, 2020. (Doc. # 246.)

    2.    <u>Liability</u>

The Court also finds that the SEC's Complaint and the documentation submitted in support of its Motion for Default Judgment provide a "sufficient basis in the pleadings for default to be entered." *Bixler*, 596 F.3d at 762. To establish a claim for disgorgement against a relief defendant, the SEC must show: (1) that the relief defendant received ill-gotten funds; and (2) does not have a legitimate claim to those funds. *Smith v. SEC*, 653 F.3d 121, 128 (2d Cir. 2011) (citing *SEC v. Cavanagh*, 155 F. 3d 129, 136 (2d Cir. 1998)); *SEC v. End of the Rainbow Partners, LLC*, No. 1:17-cv-02670-MSK, 2020 U.S. Dist. LEXIS 21198, at *11 (D. Colo. Feb. 7, 2020) (citing *SEC v. World Capital Market, Inc.*, 864 F.3d 996, 1004 (9th Cir. 2017)). Given Coddington Trust's default, the Court treats the well-pleaded allegations in the Complaint as true, and examines the Complaint to determine whether the SEC established a claim for disgorgement on such facts. *U.S. v. Craighead*, 176 Fed. Appx. 922, 924 (10th Cir. 2006).

Here, the Complaint amply alleges that Coddington, his company Golden Summit Investors Group Ltd., and his attorney Jesse W. Erwin Jr. ("Erwin") engaged in securities fraud in connection with a Collateral Mortgage Obligation Trading Program

and that they transferred ill-gotten funds obtained through that fraud to Coddington Trust. (Doc. # 1 at ¶¶ 1-6, 10, 87, 89–90, 93, 180, 221–23.) In addition, Erwin's participation in the securities fraud is further established by the fact that Erwin pled guilty to one count of wire fraud and one count of securities fraud in a criminal case based on the same facts alleged in this civil case. *United States v. Daniel Dirk Coddington and Jesse W. Erwin Jr.,* 1:15-cr-0383-RBJ (D. Colo. Oct. 16, 2018, Doc. # 262). The Complaint also alleges that Coddington Trust provided no consideration for the funds it received from the defendants and was unjustly enriched. (*Id.* at ¶¶ 180, 222.) Accordingly, the SEC has established a claim for disgorgement against Coddington Trust.

    3.    <u>Damages</u>

Default judgment cannot be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). One of the main reasons for this requirement is to prevent plaintiffs who obtain default judgments from receiving more in damages than is supported by actual proof. *Id.* at 773 n.2. Rule 55(b) provides that "the court may conduct such hearings or order such references as it deems necessary" in order to "determine the amount of damages." A court may enter a default judgment without a hearing when, as is the case here, "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Eighth Dist. Elec. Pension Fund v. Campbell Elec., Inc.*, No. 16-cv-03040-CMA, 2017 WL 1243059, at *2 (D. Colo. Mar. 17, 2017) (quoting *Hunt v. Inter–Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985)). In making an independent determination of the amount of damages, "the court

may rely on detailed affidavits or documentary evidence." *Id*. (quoting *Breaking the Chain Found., Inc. v. Capitol Educ. Supp., Inc.*, 589 F. Supp. 2d 25, 28 (D.D.C. 2008)); *Lopez v. Highmark Constr., LLP*, No. 17-cv-01068-CMA-MLC, 2018 WL 1535506, at *3 (D. Colo. Mar. 29, 2018) (same).

The damages in this case are capable of mathematical calculation. The SEC tendered Mr. Matticks' affidavit (Doc. # 248-1), which establishes that the net amount to be disgorged by Coddington Trust is $1,591,962.79 plus prejudgment interest of $665,220.36 for a total of $2,256,765.35. *See, e.g., George*, 426 F.3d at 791 (affirming disgorgement and prejudgment interest award against relief defendant). The Court accepts the undisputed facts submitted in Mr. Matticks' affidavit and exhibits. *See Deery Am. Corp. v. Artco Equip. Sales, Inc.*, No. 06-cv-01684-EWN-CBS, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007). The SEC has established that Coddington Trust received net, ill-gotten funds of $1,591,962.79, and had no legitimate claim to those funds obtained by the defendants through securities fraud and transferred to Coddington Trust for no consideration.

Ordering Coddington Trust to disgorge $1,591,962.79 is consistent with the holding in *Liu v. SEC*, 140 S. Ct. 1936 (2020), in which the Supreme Court affirmed a district court's authority to order disgorgement "that does not exceed the wrongdoer's net profits and is awarded for victims." *Id.* at 1940. The Supreme Court also noted that to properly calculate net profits the court must deduct certain "legitimate" expenses. *Id.* at 1950. But that requirement has "no bearing on the propriety of the judgment entered against [a relief defendant], which was not a defendant, was not accused of wrong

8

doing, and which was not required to disgorge 'profits,' gross or net." *SEC v. San Francisco Regional Center LLC*, No. 17-cv-00223-RS, 2020 WL 4569844, at *2 (N.D. Cal. Aug. 7, 2020). In the instant case, the SEC reduced the amount of disgorgement sought from Relief Defendant Coddington Trust by the amounts that it transferred to other parties in the case. In addition, the disgorgement is "awarded for victims" because the SEC has represented that it plans to distribute any funds collected from Coddington Trust to investors. Accordingly, the Court finds that entering default judgment against Coddington Trust in the total amount of $1,591,962.79 plus prejudgment interest of $665,220.36 for a total of $2,256,765.35 is warranted.

## IV.     CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- the SEC's Motion for Default Judgment against Coddington Family Trust (Doc. # 248) is GRANTED;
- Relief Defendant Coddington Family Trust is liable for disgorgement of $1,591,962.79, representing net ill-gotten funds received as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $665,220.36, for a total of $2,256,765.35;
- Coddington Family Trust shall satisfy this obligation by paying $2,256,765.35 to the Securities and Exchange Commission within 30 days after entry of the Final Judgment;
- Coddington Family Trust may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions

upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Coddington Family Trust may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Coddington Family Trust as a relief defendant in this action; and specifying that payment is made pursuant to the Final Judgment;

- Coddington Family Trust shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Coddington Family Trust relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Coddington Family Trust;

- The Commission shall hold the funds (collectively, the "Fund") until further order of this Court. The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund;

- The Commission may enforce the Court's judgment for disgorgement and

prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of the Final Judgment;

- Coddington Family Trust shall pay post-judgment interest on any amounts due after 30 days of entry of the Final Judgment pursuant to 28 U.S.C. § 1961;

- There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of Court is ordered to enter final judgment in favor of the SEC and against Coddington Family Trust in the amount of $2,256,765.35 forthwith and without further notice; and

- this Court shall retain jurisdiction over this matter for the purposes of enforcing the terms of the Final Judgment.

DATED: December 11, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge