IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03363-CMA-KMT

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

JESSE W. ERWIN, JR.,
SETH A. LEYTON, and
LEWIS P. MALOUF,

    Defendants, and

DANIEL SCOTT CODDINGTON, and
CODDINGTON FAMILY TRUST,

    Relief Defendants.

## DEFAULT JUDGMENT

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Default Judgment is hereby entered.

Pursuant to the Opinion and Order Granting Motion for Default Judgment Against Seth A. Leyton (Doc. # 283) of the Honorable Judge Christine M. Arguello entered on December 11, 2020, it is

ORDERED that the SEC's Motion for Default Judgment against Seth A. Leyton (Doc. # 254) is GRANTED.  It is

FURTHER ORDERED that Defendant Seth A. Leyton is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17

C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.  It is

FURTHER ORDERED as provided in Fed. R. Civ. P. 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of the Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).  It is

FURTHER ORDERED that Defendant Leyton is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

It is

  FURTHER ORDERED as provided in Fed. R. Civ. P. 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of the Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).  It is

  FURTHER ORDERED that Defendant Leyton is liable for disgorgement of $176,964.00, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $69,374.73, and a civil penalty in the amount of $176,964.00 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, 15 U.S.C. §§ 77t(d) and 78u(d)(3), for a total of **$423,302.73**.  It is

  FURTHER ORDERED that Defendant Leyton shall satisfy this obligation by paying $423,302.73 to the Securities and Exchange Commission within **30 days** after entry of Final Judgment.  It is

  FURTHER ORDERED that Defendant Leyton may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire

instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Seth A. Leyton as a defendant in this action; and specifying that payment is made pursuant to the Final Judgment.  It is

FURTHER ORDERED that Defendant Leyton shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  It is

FURTHER ORDERED that the Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including but not limited to, moving for contempt at any time after 30 days following entry of the Final Judgment. The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.

4

Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  It is

FURTHER ORDERED that the Commission shall hold the funds (collectively, the "Fund") until further order of this Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund.  It is

FURTHER ORDERED that regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private

5

damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action. It is

FURTHER ORDERED that solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Seth A. Leyton of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). It is

FURTHER ORDERED that judgment is entered in favor of the SEC and against Defendant Seth A. Leyton in the amount of $423,302.73, forthwith and without further notice. It is

FURTHER ORDERED that this Court shall retain jurisdiction over this matter for the purposes of enforcing the terms of the Final Judgment.

DATED: December 11, 2020.

FOR THE COURT:

JEFFREY P. COLWELL, CLERK

By: s/   S. West, Deputy Clerk