IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-03363-CMA-KMT

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

JESSE W. ERWIN, JR., and
LEWIS P. MALOUF,

    Defedant,

DANIEL SCOTT CODDINGTON,

    Relief Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND FOR RELIEF FROM JUDGMENT AGAINST LEWIS P. MALOUF**

---

    This matter is before the Court on Plaintiff's Motion to Amend and for Relief from Judgment Against Lewis P. Malouf. (Doc. # 300.) Therein, Plaintiff Securities and Exchange Commission ("SEC") seeks to alter, or in the alternative seeks relief from, the August 25, 2021 Final Judgment entered against Defendant Lewis P. Malouf (Doc. # 298) on the basis that counsel for the SEC failed to include a request for entry of an injunction against Mr. Malouf in its Motion for Summary Judgment (Doc. # 249). For the following reasons, the Motion is denied.

1

The SEC moves to amend the Court's August 25, 2021 Final Judgment under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)(1) and (6). Rule 59(e) is the appropriate vehicle for seeking "reconsideration of matters properly encompassed in a decision on the merits[,]" so a Rule 59(e) motion is normally granted "only to correct manifest errors of law or to present newly discovered evidence." *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (citations omitted). Rule 60(b) provides, in relevant part, that a court may relieve a party from a final judgment for "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief . . . ." Fed. R. Civ. P. 60(b). Relief under Rule 60 is an extraordinary remedy that is appropriate when "circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (quoting *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1147 (10th Cir. 1990)).

In this case, the issue of an injunction against Mr. Malouf was not before the Court at summary judgment due to the SEC's inadvertence, so Rule 59(e) is inapplicable. *See Jennings*, 394 F.3d at 854. With respect to Rule 60(b), the SEC failed to raise the issue of an injunction against Mr. Malouf in the ten months its Motion for Summary Judgment was pending.[1] Additionally, Mr. Malouf's counsel moved to withdraw after briefing on the Motion for Summary Judgment was completed, and Mr. Malouf now proceeds *pro se*. Under these circumstances, the SEC has failed to

---

[1] The SEC's Motion for Summary Judgment against Mr. Malouf was filed on September 17, 2020, and its Reply was filed on October 29, 2020. (Doc. ## 249, 269.)

demonstrate that it is entitled to the extraordinary remedy of Rule 60 relief or that the denial of such relief offends justice.

Accordingly, Plaintiff's Motion to Amend and for Relief from Judgment Against Lewis P. Malouf (Doc. # 300) is DENIED.

DATED: September 22, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge